IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CECIL F. MOTLEY,   *

    Plaintiff,   *

    v.   *   Civil Action No. PX 15-2062

  *

HOST HOTELS & RESORTS, INC. *et al.*,   *

    Defendants.   *

******

**MEMORANDUM OPINION**

Pending before the Court are the Motion for Summary Judgment (ECF No. 79) filed by Defendants Host Hotel & Resorts, Inc. and Host Hotel & Resorts of Virginia, LP ("Defendants" or "Host"), Plaintiff's Motion to Amend the Complaint (ECF No. 80), and Plaintiff's Motion to Compel Discovery (ECF No. 84). The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Defendants' motion is granted and Plaintiff's motions are denied.

### I.     BACKGROUND

The following facts are undisputed. On July 22, 2013, Plaintiff Cecil Motley ("Motley") and his wife were staying at the Key Bridge Marriott Hotel located in Arlington, Virginia. During their stay, Motley fell while taking a shower and was injured. *See* Amended Complaint, ECF No. 8 at 2; Dep. of Cecil Morley, ECF No. 79-6 at 2. Plaintiff alleges that he fell because the bathtub was too slippery and not properly equipped with anti-slip strips or a rubberized mat. ECF No. 8 at 2. Apart from the Motley's description of the tub, however, no physical or other evidence exists regarding the tub surface because all of the Key Bridge Marriott hotel bathrooms,

1

including the tubs, were refurbished and replaced after July 22, 2013 and before Motley filed suit. *See* Plaintiff's Expert Report of Lawrence Dinoff, ECF No. 79-5 at 1.

Ironically, however, the condition of the bathtub is of secondary importance to the survival of Plaintiff's suit. This is because at the time of the incident, no evidence exists that the named Defendants owned or controlled the Key Bridge Marriott Hotel in any respect. Defendants' Manager of Litigation and Compliance, Kathleen T. Malloy, provides in a sworn affidavit that "as of the date of Mr. Motley's fall at the Key Bridge Marriott Hotel, neither Host Hotels & Resorts, Inc. nor Host Hotels & Resorts of Virginia LP, owned or managed the Key Bridge Marriott Hotel." ECF No. 79-4 at 2. Malloy further affirms that "Defendants did not have anything to do with the condition of the bathtub in which Mr. Motley fell; the Defendants did not inspect or maintain the bathtub; the Defendants did not employ or control the actions of anybody involved in the condition or cleaning of the bathtub where Mr. Motley fell . . . ." *Id.*

Plaintiff provides only a single SEC filing for Defendants which describes Defendants' corporate structure as Real Estate Investment Trust ("REIT") with a consolidated hotel portfolio "as of February 20, 2015." ECF No. 85-1 at 1. As such, Plaintiff's evidence regarding Defendants' ownership of Key Bridge Marriott Hotel because it is part of Defendants' consolidated hotel portfolio is limited and pertinent only as of February 20, 2015.

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If

sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1).

### III. ANALYSIS

As a preliminary matter, the Court notes that both parties believe Maryland law applies. Both parties are incorrect. Although Maryland is the forum state, and Maryland's choice-of-law rules apply, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *see also Rawl's Auto Auction Sales, Inc. v. Dick Herriman Ford, Inc.*, 690 F.2d 422, 426 (4th Cir. 1982), Maryland follows the principles of *lex loci delicti* in determining choice of law, *Great American Ins. v. Nextday Network Hardware Corp.*, 73 F. Supp. 3d 636, 640 (D. Md. 2014). That is, in tort actions, Maryland courts apply the law of the state in which the last event of the tort in question had taken place. *Id.* Here, Motley sustained the injuries at the Key Bridge Marriott Hotel located in Virginia. Thus, Virginia law applies. *See Harvard v. Perdue Farms, Inc.*, 403 F. Supp. 2d 462, 467 (D. Md. 2005) (applying Virginia law where accident out of which the claim arises took place). That said, the Court notes that the outcome would be the same under either Maryland or Virginia law.

3

### A. Defendants' Motion to Dismiss

#### 1. Defendants Did Not Own or Control Premises

Defendants' principal argument is that they cannot be held liable for any possible negligence because they neither owned nor controlled the Key Bridge Marriott Hotel as of July 22, 2013. Defendants are correct. It is most basic that in premises liability cases, an entity with *no* involvement in the premises does not assume any duty of reasonable care or safekeeping to its invitees. *See, e.g.*, Restatement (Third) Torts, § 51 (General Duty of Land Possessors) (setting forth circumstances under which "a land possessor owes a duty of reasonable care to entrants on the land"); *Colonial Stores, Inc. v. Pulley*, 203 Va. 535, 537 (1962) (operator of store owes duty of ordinary care against Plaintiff invitee); *cf. Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007) (holding judgment against subsidiary does not render the parent corporation a "real party defendant"); *DiFederico v. Marriott Int'l, Inc.*, No. RWT 11-CV-1508, 130 F. Supp. 3d 986, 992 (D. Md. Sept. 18, 2015) (franchisor only liable for injuries sustained at hotel where franchisor "exercises direct control over a particular activity causing injury."). Put differently, where the defendant exercises no control over the premises, it cannot be said to assume liability for injuries on the premises. *Stenlund v. Marriott International, Inc.*, 172 F. Supp. 3d 874, 884 (D. Md. 2016) ("the key element of control . . . must exist in respect to the very thing from which the injury arose." (quoting *Schramm v. Foster*, 341 F. Supp. 2d 536, 546 (D. Md. 2004)); *Murphy v. Holiday Inns., Inc.*, 216 Va. 490, 493 (1975) ("[I]n determining whether a [franchise] contract establishes an agency relationship, the critical test is the nature and extent of the control agreed upon.").

Construing the evidence in the light most favorable to the Plaintiff, there is simply no evidence that Defendants had any relationship with the Key Bridge Marriott Hotel at the time

4

that Motley was injured in July 2013. Defendants provide sworn, uncontradicted and uncontroverted testimony via affidavit that they did not own or control Key Bridge Marriott Hotel as of July 22, 2013, or participate in any way in the installation, maintenance, or upkeep of the hotel bathrooms. *See* Aff. of Kathleen Malloy, ECF No. 79-4 at 2. That the Key Bridge Marriott Hotel became part of Defendants' consolidated hotel portfolio at some time prior to February 20, 2015 does not upset this analysis. Even if this evidence is construed most favorably to Plaintiff, and the Court infers that the Hotel was part of the Defendants' consolidated REIT portfolio even as early as July 2013, that by itself does not demonstrate the kind of interest or control over the property necessary to impose the duty of reasonable care on Defendants with regard to the condition of the hotel bathrooms. Without more, Defendants cannot be the real parties in interest, and so cannot be held liable in this case.

2. **No Evidence of the Hotel's Negligence**

Defendants alternatively argue that insufficient evidence exists to demonstrate Motley's fall is attributable to any negligence on the part of hotel employees. A claim for ordinary negligence under the common law requires that a plaintiff show "the existence of a legal duty, violation of that duty, and proximate causation which results in injury." *Diretto v. Country Inn & Suites By Carlson*, No. 1:16-CV-1037, 2017 WL 449315, at *4 (E.D. Va. Feb. 2, 2017) (quoting *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132 (2000)). Importantly here, a plaintiff "must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima facie* case of negligence." *Zowaski v. Speedway LLC*, 185 F. Supp. 3d 881, 888 (W.D. Va. 2016) (citing *Grim v. Rahe, Inc.*, 246 Va. 239, 242 (Va. 1993)) (emphasis added). Constructive knowledge or notice of a defective condition of a premise or a fixture may be shown by evidence that the defect was noticeable and

had existed for a sufficient length of time to charge its possessor with notice of its defective condition. *Grim v. Rahe, Inc.*, 246 Va. 239, 242 (Va. 1993) (citing *Colonial Stores v. Pulley*, 203 Va. 535, 537 (1962) (premises) and *City of Richmond v. Hood Rubber Prods. Co.*, 168 Va. 11, 21 (1937) (fixture)). Hence, if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case. *Id.* (citing *Winn-Dixie Stores*, 240 Va. 180, 184 (1990)).

Plaintiff has not shown that Defendants had actual or constructive knowledge of the allegedly slippery condition of the bathtub. Notwithstanding Defendants' lack of ownership or control of the premises, there is absolutely no evidence about when the bathtub became defective, how it was defective, or that the owner knew about it. Indeed, Plaintiff agrees that because the bathrooms were renovated in 2015, two years after the Plaintiff's fall, the bathroom and tub that Plaintiff's expert tested "was not in the same condition it was in when Plaintiff . . . slipped and fell on 22 July 2013." Pl.'s Br. in Opp'n, ECF No. 85 at 6; *see also* Pl.'s Expert Report of Lawrence Dinoff, ECF No. 79-5 at 1. Thus, Plaintiff's expert witness report is irrelevant to Defendants' actual or constructive knowledge of the bathroom's condition at the time of the incident.

Plaintiff counters only with the testimony of Plaintiff's wife that the guest bathtub had a glazed finish without "non-slip safety strips." *See* Pl.'s Br. in Opp'n, ECF No. 85 at 6. But this testimony, even taken as true, is not evidence that Defendants knew or had reason to know of this condition. *See Zowaski*, 185 F. Supp. 3d at 888 (granting summary judgment where Plaintiff presented no evidence to show that Defendant knew or had reason to know of the purported defect in the truck stop shower); *cf. Colonial Stores*, 203 Va. at 538 (finding "the plaintiff failed to prove that the defendant placed the bottle on the floor and failed to show that, if someone else

put it there, the defendant knew, or should have known, of its presence."). Accordingly, summary judgment is warranted on this ground as well.

### B. Plaintiff's Motion to Amend the Complaint

Plaintiff again seeks to amend his complaint, adding Marriott Hotel International Inc. ("Marriott") and Chartis Specialty Insurance Company ("Chartis") as defendants. The Court previously denied this belated request during a July 28, 2016 telephonically-recorded status conference that was memorialized via Letter Order at ECF No. 64. The Court will again deny Plaintiff's motion.

The amendment of pleadings after the deadline set in the scheduling order are governed by the good cause standard in Fed. R. Civ. P. 16, not the more generous standard in Fed. R. Civ. P. 15. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

> Good cause requires the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.

*See Cook v. Howard*, 484 Fed. App'x 805, 815 (4th Cir. 2012) (per curiam) (alteration in original) (citations omitted) (internal quotation marks omitted). But, in any case, if the moving "party was not diligent, the inquiry should end." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002); *accord, e.g.*, *CBX Technologies, Inc. v. GCC Technologies, LLC*, JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (denying motion to amend complaint because plaintiff's "failure to anticipate" its needs was "of its own doing and not the fault of any other

7

entity"), *aff'd*, 533 Fed. App'x. 182 (4th Cir. 2013). Lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *Id.* (quoting *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001)).

The Court previously granted Plaintiff permission join Marriott as a defendant on January 28, 2016. *See* ECF No. 31. However Plaintiff did nothing until the close of discovery to effectuate this joinder, *see* ECF No. 80. This tardiness is particularly egregious given that Plaintiff was put on notice in a 2015 interrogatory answer that Defendants "did not manage or directly own the Key Bridge Marriott when this incident occurred." Defs.' Answers to Interrogs., ECF No. 79-3 at 2. Thus, as to Marriott, the Motion is not predicated on information obtained late in discovery, contrary to Plaintiff's suggestion.

Furthermore, with regards to Chartis, Plaintiff purports that a new-found provision of an insurance policy is a "significant factual and procedural development that [has] occurred since the original complaint was filed." ECF No. 80 at 1. But Plaintiff provides no basis for seeking an amendment after the deadline set in the scheduling order, such as the date the insurance policy was produced. Accordingly, Plaintiff has not demonstrated good cause under Fed. R. Civ. P. 16 to add additional defendants. *See Whichard v. Specialty Restaurants Corp.*, 220 F.R.D. 439, 441 (D. Md. 2004) (denying plaintiff's motion to join an additional defendant five months after the court imposed deadline because plaintiff had ample notice before the deadline that the original defendant might not be the right party); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 632 (D. Md. 2003) (same where Plaintiff sought amendment one week after the deadline in the scheduling order).

Moreover, Rule 15(a) counsels against leave to amend because in this case, it would be futile. Rule 15(a) provides that "leave to amend a pleading should be denied only when the

8

amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Plaintiff moved for leave to add Marriott and Chartis as defendants approximately two months after limitations had run on July 22, 2016, three years after the incident. *See* Md. Code Ann., Ct. & Jud. Proc. § 5-101 (2014) (three-year statute of limitations under Maryland law)[1]; ECF No. 80 (filed Sept. 21, 2016). Thus, unless the amendment properly relates back not only to the filing of this action but to the filing of Plaintiff's initial complaint, it would be time-barred, and thus futile.

An amendment that adds a new defendant relates back to the date of the original pleading if (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the joined party received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) the joined party should have known that it would have originally been named as a defendant "but for a mistake concerning the identity of the proper party." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007) (quoting Fed. R. Civ. P. 15(c)). The Fourth Circuit further instructs:

> At bottom, the inquiry, when determining when an amendment relates back looks at whether the plaintiff made a mistake in failing to name a party, in naming the wrong party, or in misnaming a party in order to prosecute his claim as originally alleged, and it looks into whether the rights of the new party, grounded in the statute of limitations, will be harmed if that party is brought into the litigation. When a party has been given fair notice of a claim *within the limitations period* and will suffer no

---

[1] Maryland law governs here because "the statute of limitations of the forum state applies even when that state's choice-of-law rules require that another state's substantive law be applied." *Sherwin-Williams Co. v. Artra Group, Inc.*, 125 F. Supp. 2d 739, 756–57 (D. Md. 2001); *Lewis v. Waletzky*, 31 A.3d 123, 133 (Md. 2011) (holding that Maryland law controls procedural matters and that "statutes of limitations are procedural for choice-of-law purposes").

9

> improper prejudice in defending it, the liberal amendment policies
> of the Federal Rules favor relation-back.

*Id.* at 471 (emphasis in original).

Here, Plaintiff seeks to join Marriott and Chartis outside of the limitations period. Plaintiff has not demonstrated that the requested defendants could reasonably have known that they should have been originally named. *See Goodman*, 494 F.3d at 472 (citing *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989) and *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006)). Specifically, nothing in the record demonstrates that Marriott and Chartis had reasonable notice of this civil action prior to the expiration of limitations. Lack of notice within the statutory limitations period bars Plaintiff's filing of an Amended Complaint. *See id.* at 473 ("The mandate remains that a plaintiff has the burden of locating and suing the proper defendant *within the applicable limitations period*."). Thus, Plaintiff's motion for leave to amend his complaint is denied.

### C.  Plaintiff's Motion to Compel

Plaintiff seeks to compel the production of a security log, purportedly responsive to request 2, 6, or 7 of ECF No. 67-1. *See* Pl.'s Statement of Undisputed Facts, ECF No. 84-1. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Granting or denying such motion remains within the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Fed. R. Civ. P. 37(a)(1) further requires that, prior to moving the Court for an order compelling production of discovery, "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it

10

without court action." Fed. R. Civ. P. 37. The Court interprets "conferred or attempted to confer" literally—the moving party must describe its attempt to discuss the matter at issue with the party it seeks to compel. *See Parker v. United States*, No. JPM-16-1052, 2016 WL 7383833, at *1 (D. Md. Dec. 20, 2016). This Court's Local Rule 104.7 further requires that "[c]ounsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court." Finally, Local Rule 104.8(a), requires that the moving party "set forth, as to each response to which the motion is directed, the discovery request, the response thereto, and the asserted basis for the insufficiency of the response" in its memorandum.

Plaintiff failed to comply with Rule 37, Local Rule 104.7 and Local Rule 104.8(a). Plaintiff provides only one *undated* e-mail correspondence from Defendants' counsel that simply reflects Defendants' due diligence in searching for documents in connection with the Plaintiff's deposition of a loss prevention officer. *See* ECF No. 84-4. Plaintiff provides no proof of any additional attempts to confer and does not even attempt to meet this Court's requirements set forth in the Local Rules. *See Boukadoum v. Hubanks*, 239 F.R.D. 427, 431 (D. Md. 2006) (denying motion to compel where party failed to "engage in a good faith effort to secure [ ] compliance before filing a motion to compel and [ ] certify to the effort made as part of the motion to compel"). Accordingly, Plaintiff's motion must fail.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and Plaintiff's motions to amend the complaint and to compel are denied. A separate order will follow.

 4/20/2017 /S/
Date			Paula Xinis
			United States District Judge